## HARVEY WEBSTER *et al.*

*v.*

## JEREMIAH WEBSTER.

1. ALLEGATIONS AND PROOFS—*must correspond.* The allegation that an owner of land put a person in possession thereof, as his agent, to take care of the premises and to pay the taxes thereon, and that the agent permitted the land to be sold for taxes, which he, fraudulently, failed to pay, as such agent, and bid it in and took a tax deed to himself, with the fraudulent intent thereby to deprive the owner of his land, will not sustain a finding that the agent obtained the tax deed for the sole purpose of reimbursing himself for moneys by him laid out in paying taxes and improving the land for the owner; nor could the matter of such finding be established under the allegation, as a ground of relief.

2. LIMITATION ACT OF 1839—*in whose favor it may run.* The owner of a tract of land in this State, being absent from the country for such length of time and under such circumstances that the presumption of his death arose, a part of his heirs at law asserted title to their several portions in the land, against their co-heirs who had been in possession seven years, under claim and color of title consisting of a tax deed obtained by one of the heirs in possession, as purchaser at a tax sale had prior to the time when the presumption of the death of the former owner became complete: *Held,* the several elements of the statutory bar concurring, the parties claiming under the tax deed would be protected in their possession.

APPEAL from the Circuit Court of Stephenson county; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

The opinion states the case.

Messrs. JEWETT, JACKSON & SMALL, for the appellants.

Messrs. MEACHAM & LAUVER, for the appellee.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

This was a bill for partition, filed by appellee, as heir at law of Heman Webster, against appellants and others, of certain

lands described in the bill, based upon the presumption of death of said Heman, by reason of his absence from the country for more than seven years, without having been heard from. The bill alleges the seizin in fee simple by Heman, of the lands in question, at the time of his death; that he left as heirs at law, appellee, appellant Harvey Webster, Linas Webster, Noah Webster, Merritt Webster, Roswell Webster, Roxana Woodruff, also David Webster, since deceased, (and whose heirs are unknown,) his brothers and sister, his father and mother being dead. It also alleges that Heman, being the owner of the premises, by legal title derived from the United States, between the years of A. D. 1850 and A. D. 1853, left the county of Stephenson in this State, and went to California, and from there shortly afterwards started for Australia, in the British Dominions, since when, for seventeen years, nothing had been heard of, or from him by his friends and relatives; that he left no will and never was married. Alleges that Heman Webster, when he departed from here, left appellant, Harvey Webster, in possession of said lands and premises, as his agent, to take care of and pay the taxes on the same; that Harvey paid the taxes upon said premises, as such agent, until the year A. D. 1861, when, believing that the presumption of the death of said Heman had arisen, he allowed the premises to be sold for taxes, which he, fraudulently, had failed to pay, as such agent, and bid them in and took a tax deed to himself of the lands from the sheriff of said county, dated the seventeenth day of September A. D. 1861, and, together with his wife, conveyed the same to one Blanchard, without consideration, who, with his wife, reconveyed the same to the appellant, Silvina Webster; thus by fraud attempting to deprive the complainant and the co-heirs of Heman Webster of their rights and interest in the lands.

Appellants filed their answer to the bill, and default for want of appearance, etc. taken as to the other defendants.

The answer of appellants expressly denies the agency, and all fraud alleged in the bill; sets up possession of the premises

in question, under claim and color of title made in good faith, and payment of all taxes, for more than seven years next before the commencement of the suit, and claims the benefit of the statute of limitations. No replication was filed, but the case was heard upon bill, answer, and proofs.

It appears by the evidence, beyond all controversy, that Heman Webster, when he left to go to California, instead of leaving appellant, Harvey Webster, in possession of the premises, as his agent, to take care of them and pay the taxes, left one George F. Andrews, who assumed such agency.

It appears from the evidence of appellee, that the last that was heard from Heman was in 1854, but at what time of that year, he does not state. This being so, the presumption of Heman's death would not be conclusive until 1861.

Andrews having failed to pay the taxes for 1858, the premises were sold for non payment of taxes on the twenty-second of August 1859, and purchased at such sale by one Barton, who assigned the certificate of purchase to Harvey Webster, who obtained the sheriff's deed the seventeenth of September, 1861. On the second day of June, 1862, appellant, Harvey Webster, took possession under his tax title, and has ever since continued in possession, paying all taxes. This suit was commenced on the thirtieth day of June, 1869.

The allegation of the bill as to Harvey Webster having been left in the possession of the premises by Heman, to take care of them and pay the taxes, being disproved by the evidence, we must, in considering the case, disregard all consideration of the question of agency.

The finding by the decree that Harvey Webster obtained the tax deed for the sole purpose of reimbursing himself for moneys by him laid out in paying taxes and improving the lands for Heman Webster or his heirs, is not equivalent to the foregoing allegation of agency, and could not be established under that allegation, as a ground of relief, and if not, there is no other in the bill appropriate to any such ground of relief.

The decree also finds that Heman Webster departed this life in the month of November, 1861. This was probably based upon the evidence of appellee that the last time Heman was heard from was in 1854; so that the presumption of his death would not be complete until some time in the year 1861. This fact relieves the case of all consideration as to what the rights of the parties would have been if Heman Webster had died previously to the tax-sale, and appellant, Harvey Webster, had been a tenant in common with the other heirs at law.

As the case stands upon this record, the bar of the statute arising from seven years' possession, under claim and color of title, made in good faith, and the payment of all taxes, is effectual against the relief prayed for in this bill.

The decree of the court below must be reversed and the cause remanded.

*Decree reversed.*

Mr. JUSTICE SHELDON took no part in the decision of this case.